IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIANE SCHWEITZER, | : | CIVIL ACTION NO. **4:CV-12-1865** |
| Plaintiff | : | |
| | : | (Judge Brann) |
| v. | : | |
| | : | (Magistrate Judge Blewitt) |
| FORWARD AIR, INC., *et al.*, | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

**I.** **Background.**

On September 19, 2012, Plaintiff Diane Schweitzer filed, through counsel, a Complaint against Defendants Forward Air, Inc. ("Forward Air"), Pat Donahue, and Tim Osbourne. (Doc. 1). Individual Defendants Pat Donahue, and Tim Osbourne were employed by Defendant Forward Air as supervisors. Plaintiff paid the filing fee. Plaintiff alleges two violations of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq*. Thus, the Court has federal question jurisdiction over the instant case under 28 U.S.C. § 1331. Plaintiff Diane Schweitzer was employed by Defendant Forward Air at 2821 Turnpike Industrial Drive in Middletown ("MDT terminal"), Dauphin County, PA, from December 2007 until February 16, 2012, when she allegedly was fired after she engaged in protected activity under the FMLA by taking leave from work to care for her dying husband. Specifically, Plaintiff asserts one count of Willful Interference in Violation of the Family and Medical Leave Act, 29 U.S.C. §2615(a)(1), and one count of Willful Retaliation in Violation of the Family and Medical Leave Act, 29 U.S.C. §2615(a)(2), against all Defendants. (Doc. 1, pp. 15, 18). Plaintiff essentially avers that Defendants fired her to prevent her from taking

remaining FMLA leave to which she was entitled to care for her terminally ill husband and, that Defendants fired her in retaliation for exercising her right to FMLA leave in 2011 and 2012 to care for her husband.

After Plaintiff filed her Complaint, Defendants were served and jointly filed an Answer with Affirmative Defenses. (Doc. 10). The parties were then afforded time to conduct discovery.

On November 30, 2012, Defendants filed a Motion for Summary Judgment pursuant to Fed.R.Civ.P. 56(c). **(Doc. 12)**. That same day, Defendants filed their Statement of Material Facts ("SMF") with an attached Exhibit A, an Affidavit of Ashley Abel, Human Resources Coordinator and Leave Administrator for Defendant Forward Air, Inc. (Doc 13-1, pp. 1-3, Ex. A). Attached to Abel's Affidavit is Exhibit 1, "Driving Distance in Miles Between Forward Air, Inc. Terminals Nearest to Harrisburg (MDT)." (Doc. 13-1, p. 5). Also, on November 30, 2012, Defendants filed a Brief in Support of the Motion to Dismiss (Doc. 14). Defendants basically argue that they are entitled to summary judgment with respect to both of Plaintiff's claims under the FMLA since Plaintiff cannot demonstrate that she was an "eligible employee" under the FMLA since her employer, Forward Air, employed less than 50 employees within 75 miles of Plaintiff's worksite.

On January 4, 2013, after being granted an extension of time, Plaintiff filed her Brief in Opposition to Defendants' Motion for Summary Judgment. (Doc. 18). On that same day, Plaintiff filed her Answer to Defendant's Statement of Facts (Doc. 19) along with an Affidavit Declaration of Plaintiff Diane Schweitzer (Doc. 19-1), and Exhibits, including, Forward Air's FMLA Policies (19-2), Forward Air's Notice of FMLA Eligibility issued to Plaintiff Schweitzer (19-3), Certification of Health Care Provider for Family Member's Serious Health Condition FMLA (19-4), and Forward

Air's FMLA Designation Notice issued to Plaintiff Ms. Schweitzer (19-5).

On January 18, 2013, Defendants filed a Reply Brief in support of their Motion for Summary Judgment. (Doc. 20).

We now issue this Report and Recommendation regarding Defendants' ripe Motion for Summary Judgment.

**II.     Allegations of Complaint.**

Defendant Forward Air is a Tennessee corporation with authorization to conduct business in Pennsylvania. (Doc. 1, ¶¶ 7, 13). Defendant Forward Air's corporate office is located at 430 Airport Road, Greenville, TN. (*Id*.). Defendant Forward Air operates freight terminals in 85 cities in the United States and Canada as well as a central sorting facility in Columbus, OH and eleven regional sorting centers. (Doc. 1, ¶ 15). Plaintiff worked at Forward Air's facility at 2821 Turnpike Industrial Drive, Middletown, PA. (Doc. 1, ¶¶ 7, 17). Plaintiff worked for Defendant Forward Air from December 2007 to February 16, 2012, when she was terminated. (*Id*.). Plaintiff alleges she was fired for engaging in protected activity under the FMLA. (*Id*.). Defendant Donahue supervised Plaintiff at times during Plaintiff's employment with Forward Air. (Doc. 1, ¶ 8). Defendant Osbourne is Senior Vice President of Forward Air, Inc., and also supervised Plaintiff at times. (Doc. 1, ¶ 10).

On or about August 2, 2011, Plaintiff learned that her then live-in fiance and father of her children had Stage 4 Metastatic Melanoma. (Doc. 1, ¶ 22). Plaintiff and her partner were engaged the previous March, planned to and did marry on August 13, 2011. (Doc. 1, ¶ 24). Between the diagnosis and the wedding, Plaintiff met with Defendant Donahue, then Regional

Vice President of Sales and Plaintiff's supervisor. (Doc. 1, ¶ 26). Defendant Donahue knew of Mr. Schweitzer's cancer and asked Plaintiff if she wanted to "marry him ... for the benefits?" (Doc. 1, ¶¶ 27, 28). After Plaintiff's wedding, Defendant Donahue continued to refer to Plaintiff by her maiden name, *i.e.,* "Ms. Dauberman," rather than Plaintiff's married name (Doc. 1, ¶ 55).

On or about August 18, 2011, Mr. Schweitzer's physician wrote a letter to Defendants stating that "Craig Schweitzer is my complicated 44 year old patient. He is suffering with refractory metastatic melanoma. This is a terminal illness with a general life expectancy of less than six months ... ." (Doc. 1, ¶¶ 29, 30). On or about September 7, 2011, Plaintiff Schweitzer's husband's physicians discovered the Melanoma had spread to his brain and all throughout his body. (Doc. 1, ¶ 33). Plaintiff and her husband sought advice from the Cancer Treatment Centers of America, and they recommended that Mr. Schweitzer undergo four weeks of radiation followed by chemotherapy because surgery could not cure Stage 4 Melanoma. (Doc. 1, ¶¶ 35, 41).

Defendants Forward Air and Donahue knew of Mr. Schweitzer's condition and treatment. (Doc. 1, ¶ 37). On or about September 30, 2011, Plaintiff submitted a Certification of Health Care Provider that informed the Defendants that Mr. Schweitzer's condition was terminal, that he would have to be treated at least twice per year, that chemotherapy failed, and that he would be continuously incapacitated for the rest of his life. (Doc. 1, ¶¶ 42, 43). Plaintiff took FMLA leave for six weeks from October 3, 2011 to November 14, 2011, which left six weeks of FMLA leave for the year 2011. (Doc. 1, ¶¶ 45-47). Before returning to work, Plaintiff

informed Defendants that she would require time off at the beginning of each month to attend to her husband's needs during his treatments. (Doc. 1, ¶ 48). Plaintiff further alleges that "[w]hile Defendant Donahue allowed [her] to take off [from work] in December 201[1], for her husband's cancer treatment, [Donahue] also said he needed a form 'taking [Plaintiff] off FMLA.'" (Doc. 1, ¶ 50).[1]

On December 20, 2011[2], Plaintiff informed Defendant Donahue that she would be out of work from January 3 through January 6, 2012. (Doc. 1, ¶¶ 62, 63). Defendant Donahue sent Plaintiff an email on January 3, 2012 that read in part "I had no idea you were off today" and "I have asked you once before that you keep me in the loop with your weekly schedule." (Doc. 1, ¶ 65).

On January 1, 2012, Defendant Forward Air had open enrollment for their employee insurance program. (Doc. 1, ¶ 56). Plaintiff neglected to add her husband to her insurance when they wed, so she added him in January 2012. (Doc. 1, ¶ 57).

In February of 2012, Plaintiff requested the use of the FMLA intermittently; she asked for three days per month (always Wednesday through Friday) for her husband's treatments including March 7, 8, and 9, 2012. (Doc. 1, ¶¶ 69-71).

On February 20, 2012, Defendant Osbourne called a meeting with the Plaintiff. (Doc. 1,

---

[1] We take judicial notice that Plaintiff's attorney erroneously wrote "December 2012" in Plaintiff's Complaint. Based on context and the timing of filing, it is obvious that Plaintiff's attorney referred to December 2011.

[2] We take judicial notice that Plaintiff's attorney erroneously wrote "December 20, 2012" in Plaintiff's Complaint. Based on context and the timing of filing, it is obvious that Plaintiff's attorney referred to December 20, 2011.

¶ 66). At that meeting, Defendant Donahue told Plaintiff Schweitzer, "this is business ... we're going to have to let you go," and, "now you'll have time to focus on what you need to focus on." (Doc. 1, ¶ 67). Plaintiff had vacation time and FMLA time left for the year 2012. (Doc. 1, ¶ 73). Defendant Forward Air also maintained a leave of absence policy. (*Id*.). Plaintiff avers that she was wrongfully terminated from her position with Defendant Forward Air due to taking leave under the FMLA to care for her terminally ill husband. (Doc. 1, ¶ 64).

As relief, Plaintiff requests a judgment that Defendants violated the FMLA, as well as money damages, including lost wages, lost employment benefits and lost retirement benefits, and front pay and back pay. (Doc. 1, pp. 21-22).

### III. Summary Judgment Standard.

A motion for summary judgment may not be granted unless the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. The court may grant a motion for summary judgment if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(c). An issue of fact is "'genuine' only if a reasonable jury, considering the evidence presented, could find for the nonmoving party." *Childers v. Joseph*, 842 F.2d 689, 693-694 (3d Cir. 1988) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). A fact is "material" if proof of its existence or non-existence could affect the outcome of the action pursuant to the governing law. *Anderson*, 477 U.S. at 248. "Facts that could alter the outcome are material facts." *Charlton v. Aramus Bd. of Educ.*, 25 F. 3d 194, 197 (3d Cir.), *cert. denied*, 513 U.S. 1022 (1994).

The burden of proving that there is no genuine issue of material fact is initially upon the movant. *Forms, Inc. v. American Standard, Inc.*, 546 F. Supp. 314, 320 (E.D. Pa. 1982), *aff'd mem.* 725 F.2d 667 (3d Cir. 1983). Upon such a showing, the burden shifts to the nonmoving party. *Id*. The nonmoving party is required to go beyond the pleadings and by affidavits or by "depositions, answers to interrogatories and admissions on file" designate "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

In determining whether an issue of material fact exists, the court must consider the evidence in the light most favorable to the nonmoving party. *White v. Westinghouse Electric Company*, 862 F.2d 56, 59 (3d Cir. 1988). In doing so, the court must accept the nonmovant's allegations as true and resolve any conflicts in his favor. *Id*., *quoting Gans v. Mundy*, 762 F.2d 338, 340 (3d Cir. 1985), *cert. denied,* 474 U.S. 1010 (1985); *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976) *cert. denied*, 429 U.S. 1038 (1977).

Under Rule 56 summary judgment must be entered where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Moreover, the Third Circuit has indicated that "although the party opposing summary judgment is entitled to 'the benefit of all factual inferences in the court's consideration of a motion for summary judgment, the nonmoving party must point to some evidence in the record that creates a genuine issue of material fact,' and 'cannot rest solely on assertions made in the pleadings, legal memorandum or oral argument.'" *Goode v. Nash*, 2007 WL 2068365 (3d Cir.

2007)(Non-Precedential)(citation omitted).

Thus, "summary judgment is proper, when, viewing the evidence in the light most favorable to the non-movant, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Anderson v. General Motors*, 2009 WL 237247, *2 (3d Cir.)(citation omitted); *Page v. Trustees of Univ. of Pennsylvania*, 222 Fed. Appx. 144 at 145 (3d Cir. 2007) (the court must "view the facts in the light most favorable to the party opposing the [summary judgment] motion when making [its] determination."); *Burlington v. News Corp.*, 759 F.Supp. 2d at 589-90. "Material facts" are those which might affect the outcome of the suit. *Justofin v. Metropolitan Life Ins. Co.*, 372 F.3d 517, 521 (3d Cir. 2004).

## IV. Statement of Material Facts.

As stated, Defendants properly filed their 8-paragraph SMF, under Local Rule 56.1, M.D. Pa., and Plaintiff responded to it. (Docs. 13 & 19). Also, each party submitted Exhibits.

An "eligible employee" under the Family and Medical Leave Act, is an employee who "(1) has been employed by the employer for at least 12 months, and (2) has been employed for at least 1,250 hours of service in the 12-month period immediately preceding the commencement of the leave, and (3) is employed at a worksite where 50 or more employees are employed by the employer within 75 miles of that worksite." 29 U.S.C. § 2611(2); 29 C.F.R. § 825.110(a)). Further, the statute calls for the distance to be measured "using surface transportation over public streets, roads, highways and waterways, by the shortest route from the facility where the employee needing leave is employed." 29 C.F.R. 825.111(b).

As previously stated, Plaintiff worked for Defendant Forward Air at MDT from December

8

2007 to February 16, 2012, far longer than twelve months. (Doc. 1, ¶¶ 7, 17, 39). Plaintiff worked more than 1,250 hours in the 12 months prior to requesting leave under the Family and Medical Leave Act. (Doc. 1, ¶39). Plaintiff states in her Response and Counter-Statement to Defendants' Statement of Material Facts that there were fewer than 50 employees (about 26 including temporary employees who do not qualify for FMLA) at the Middletown facility (*i.e.*, MDT) where she was employed on September 30, 2011, when she requested leave. (Doc. 19, ¶¶ 3, 4). Plaintiff further admits that she did not work within 75 surface miles of any other facilities run by Defendant Forward Air. (Doc. 19, ¶¶ 5, 6). In fact, Defendant Forward Air's closes facility to MDT was BWI and BWI was more than 85 miles from MDT. (Doc. 13, ¶ 6).

On October 6, 2011, Defendants informed Plaintiff *via* a Designation Notice signed by Ashley Abel that Plaintiff was approved for leave pursuant to the Family and Medical Leave Act. (Doc. 19, ¶ 14; Doc, 18-5; Doc. 18-3, p. 2). Defendants did not check the line on the Notice of Eligibility and Rights and Responsibilities (Family and Medical Leave Act) that read, "You do not work and/or report to a site with 50 or more employees within 75 miles." (Doc. 19-2, p. 2). Instead, Defendants checked the line stating that Plaintiff was eligible for FMLA. (*Id*.).

**V.    Discussion.**

Defendants seek Summary Judgment because they contend Plaintiff was ineligible for FMLA leave. (Doc. 14). They argue that the undisputed evidence shows Plaintiff was not employed within 75 surface miles of at least 50 other employees of the same company so she was never entitled to FMLA benefits. (Doc. 14, p. 3). Defendants state that there were only 6 FMLA eligible employees at the Middletown facility (MDT) when Plaintiff sought her FMLA

9

benefits on September 30, 2011. (Doc. 13-1, ¶ 4).

In her Brief in Opposition to Defendants' Motion for Summary Judgment, Plaintiff states that Defendants should be barred from arguing ineligibility based on equitable estoppel. (Doc. 18, p. 9). Plaintiff points out that the evidence shows Defendants represented to her in writing that her leave was covered under the FMLA. Plaintiff has alleged that she detrimentally and reasonably relied upon Defendants' representations, and that these representations caused her damage. We agree with Plaintiff that since Defendants represented in writing that she was an eligible employee under the FMLA and that her leave was covered under the FMLA, even though the evidence shows she was not, there exist disputes of material facts regarding the equitable estoppel doctrine as to both of Plaintiff's claims. As mentioned, Plaintiff has shown that she detrimentally relied upon Defendants' stated representations. *See Moore v. Czarnowski Display Service, Inc.*, 2009 WL 614815, *2 (W.D. Pa. March 6, 2009)(citing *Minard v. ITC Deltacom Communications, Inc.*, 447 F.3d 352, 354, 359 (5th Cir. 2006); *McFadden v. Seagoville State Bank*, 2009 WL 37596 (N.D. Tex. Jan. 6, 2009)).[3]

"In order to prevail under that doctrine [equitable estoppel], a party must show (1) a material representation, (2) reasonable reliance upon that representation, and (3) damage resulting from that representation." *Gridley v. Cleveland Pneumatic Co.*, 924 F.2d 1310, 1319 (3d Cir. 1991)(citing, *Pane v. RCA Corp.,* 868 F.2d 631, 638 (3d Cir.1989)).

Plaintiff states that she would have continued to work and would have made alternative

---

[3] Plaintiff also relies on *Moore v. Czarnowski Display Service, Inc.*, 2009 WL 614815 (W.D. Pa. March 6, 2009).

arrangements to care for her husband but for Defendants' representation that she was eligible for FMLA leave. (Doc. 19, ¶ 19). As previously stated, Plaintiff alleges that her choice to take FMLA leave cost Plaintiff her job. (Doc. 1, ¶ 64). As stated above, we agree with the reasoning offered by the Fifth Circuit in a similar matter:

> [A]n employer who without intent to deceive makes a definite but erroneous representation to his employee that she is an "eligible employee" and entitled to leave under FMLA, and has reason to believe that the employee will rely upon it, may be estopped to assert a defense of non-coverage, if the employee reasonably relies on that representation and takes action thereon to her detriment.

*Minard v. ITC Deltacom Commc'ns, Inc.*, 447 F.3d 352, 359 (5th Cir. 2006); *Moore, supra*.

Defendants argue that they could not have interfered or retaliated in violation of Plaintiff's FMLA rights because she had no FMLA rights due to her ineligibility. (Doc. 20, pp. 3-4). Defendants contend that since Plaintiff admits she was not an eligible employee under the FMLA, she had no FMLA benefits with which Defendants could interfere, and "the doctrine of equitable estoppel cannot be used to retroactively endow her with FMLA rights." (*Id.*). We find that there are disputes of material fact as to whether Defendants' representations and Plaintiff's reliance upon the representations caused Plaintiff harm by depriving her of employment. There is no indication that Defendants were considering terminating Plaintiff Schweitzer prior to her FMLA leave, unlike the Plaintiffs in the cases Defendants cited in their Reply Brief. (Doc. 20). We thus disagree with Defendants (Doc. 20) and find that there are disputed material facts with respect to Plaintiff's FMLA interference claim (Count I) and Plaintiff's retaliation claim (Count II) and, the applicability of the equitable estoppel doctrine to them. *See Moore, supra* at *2-*4(citations omitted). Based on our discussion above, we find that there are disputed facts as

11

whether Defendants interfered with Plaintiff's FMLA rights since they represented to Plaintiff that she was an eligible employee and whether Plaintiff detrimentally relied on Defendants' representations that she was eligible under the FMLA. We simply find disputed facts as to whether Plaintiff was terminated by Defendants due to her FMLA leave after Defendants represented to Plaintiff that she was an eligible employee.

Defendants further argue that Plaintiff cannot claim equitable estoppel to "retroactively endow her with FMLA rights." (Doc. 20, p. 4). Defendants point out that it is not disputed that Plaintiff was not an eligible employee under the FMLA. We find that applying Defendants' definition of "retroactively" would prevent the use of the equitable estoppel doctrine in cases like the instant one in which Defendants made "a definite but erroneous representation to [their] employee that she is an 'eligible employee' and entitled to leave under FMLA, and has reason to believe that the employee will rely upon it" and where "the employee reasonably relies on that representation and takes action thereon to her detriment." *See Minard v. ITC Deltacom Commc'ns, Inc.*, 447 F.3d at 359; *Moore, supra*. As discussed, we find too many disputed material facts regarding whether the equitable estoppel doctrine applies to Plaintiff 's FMLA claims, and as such, we find that Defendants are not entitled to summary judgment. *See Moore, supra*.

As noted above, Plaintiff also relies on *Moore v. Czarnowski Display Service, Inc.*, 2009 WL 614815 (W.D. Pa. March 6, 2009). Defendants argue that Plaintiff 's reliance on *Moore* is misplaced. We agree with Plaintiff that the *Moore* case supports her contention that the doctrine of equitable estoppel bars the granting of Defendants' Summary Judgment Motion.

12

We find that our Plaintiff has provided sufficient support to show that her termination by Defendants was caused by her FMLA leave notwithstanding the fact that Defendants represented to Plaintiff that she was an eligible employee. We also find that the fact finder at trial should determine if Defendants' termination of Plaintiff was directly linked to her FMLA leave.

We also find that Defendants failed to adequately reconcile their past decisions finding Plaintiff was an eligible employee and entitled to FMLA leave (Doc. 19-3, p. 2) and, their present claim that Plaintiff had no right to the FMLA leave they granted her. (Doc. 20, pp. 2-5).

As discussed, we find that disputed material facts prevent the granting of Defendants' Summary Judgment Motion, based on the doctrine of equitable estoppel, with respect to Defendants' contention that Plaintiff was ineligible for FMLA leave.

Accordingly, we will recommend that Defendants' Motion for Summary Judgment (Doc. 12) be denied.

**VI.     Recommendation.**

Based on the foregoing, it is respectfully recommended that Defendants' Motion for Summary Judgment **(Doc. 12)** be **DENIED**.

> s/ Thomas M. Blewitt
> **THOMAS M. BLEWITT**
> **United States Magistrate Judge**

**Dated: August 7, 2013**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIANE SCHWEITZER, | : | CIVIL ACTION NO. **4:CV-12-1865** |
| Plaintiff | : | |
| | : | (Judge Brann) |
| v. | : | |
| | : | (Magistrate Judge Blewitt) |
| FORWARD AIR, INC., *et al.*, | : | |
| Defendants | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **August 7, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to our foregoing Report and Recommendation may constitute a waiver of any appellate rights.

                                        **s/ Thomas M. Blewitt**
                                        **THOMAS M. BLEWITT**
                                        **United States Magistrate Judge**

**Dated: August 7, 2013**