IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| DIANNE SCHWEITZER | : | Civil Action No. 4:12-CV-01865 |
|---|---|---|
| Plaintiff, | : | (Judge Brann) |
| v. | : | |
| FORWARD AIR, INC., PAT DONAHUE AND TIM OSBOURNE, | : | (Magistrate Judge Blewitt) |
| Defendants. | : | |

**ORDER**
August 29, 2013

**BACKGROUND:**

The undersigned has given full and independent consideration to the August 7, 2013 report and recommendation of Magistrate Judge Thomas M. Blewitt. ECF No. 21.

Magistrate Judge Blewitt's report and recommendation recommended that Defendants' Motion for Summary Judgment be denied. ECF No. 21. Defendants filed objections to this report on August 20, 2013, which this Court also considers. ECF No. 22.

While this Court agrees that the Motion for Summary Judgment should be denied, the findings will be modified as follows. Summary judgment is

1

inappropriate in this case because material issues of fact remain with respect to whether Defendants are equitably estopped from disputing that Plaintiff was eligible for and entitled to FMLA leave. The Plaintiff has not established, in her favor, any of the elements of an equitable estoppel claim. Rather, she has raised triable issues of fact regarding each of them, which prevents summary judgment on this record.

Specifically, the trier of fact must determine whether: (1) Plaintiff reasonably relied on Defendants' representation that she was eligible for and entitled to FMLA leave, and (2) such reliance caused Plaintiff's termination. See Gridley v. Cleveland Pneumatic Co., 924 F.2d 1310, 1319 (3rd Cir. 1991). Plaintiff has established, through competent summary judgment evidence, that Defendants represented to her that she was eligible for FMLA leave and was approved, on October 6, 2011, to take such leave. See ECF Nos. 19-3, 19-5. Defendants do not refute that such representations were made and the Court, therefore, takes these facts as undisputed. See Federal Rule of Civil Procedure 56(e)(2) (If a party fails to properly address another party's assertion of fact . . . . the court may . . . consider the fact undisputed for purposes of the motion.) It is further undisputed that Plaintiff was not, in fact, qualified to take FMLA leave despite Defendants' affirmative representations to the contrary, because Defendant Forward Air, Inc.

did not employ at least fifty workers within seventy-five miles of Plaintiff's worksite.

Defendants continue to argue, in their objections to Magistrate Judge Blewitt's report and recommendation, that because Plaintiff was ineligible for leave under the Act, she may not assert – let alone prevail on – an equitable estoppel argument. Defs['] Obj. 3-6, Aug. 20, 2013, ECF No. 22. In support of this argument they cite to only one relevant case, Sinacole v. iGate Capital, 287 Fed. Appx. 993 (3rd Cir. 2008) (unpublished). In that matter, the plaintiff took her requested FMLA leave for the birth of her child without first being told she was eligible and approved for such leave. Id. at 994. She was subsequently terminated. Id. As it turned out, plaintiff had not worked the requisite amount of hours to qualify for leave at the time she took it. Id. Because the employer was required but failed to respond to plaintiff's request, she argued that defendant was equitably estopped from now claiming that she was ineligible. Id. The United States Court of Appeals for the Third Circuit rejected this argument. Under the facts presented, plaintiff could never prove that she relied to her detriment on defendant's silence; had she delayed leave until she was eligible, the reason for the leave – having a child – would no longer be available. Id.

The instant litigation, however, presents circumstances different from those

3

confronted by the Third Circuit in <u>Sinacole</u>, but nearly identical to those addressed by the district court in <u>Wilson v. Rawle & Henderson LLP</u>, 2011 WL 5237345, (E.D. Pa. Nov. 2, 2011). There, plaintiff was informed, prior to taking leave time, that she was eligible and approved for FMLA leave, but was subsequently terminated while she was on leave. <u>Id</u>. at *1. During the course of the ensuing litigation, it was determined that plaintiff was ineligible for FMLA leave because the defendant employed fewer than fifty employees within a seventy-five mile radius of where plaintiff worked. <u>Id</u>. at *3.

The plaintiff in <u>Wilson</u> argued, nevertheless, that defendants were equitably estopped from claiming that she was ineligible for leave because they had affirmatively represented to her – and because she detrimentally relied on those assurances – that her FMLA leave time was approved. <u>Id</u>. The court denied defendant's motion for summary judgment on this point, finding that plaintiff presented material issues of fact with respect to whether her reliance on defendant's representation was reasonable and whether doing so was the cause of her termination. The court cautioned, however, that the entire FMLA should not be applicable merely because an otherwise ineligible employee relies upon a misrepresentation made by his or her employer with respect to the Act. But, rather, such a claim should provide relief only to the extent that the employee actually and

4

reasonably relied upon the employer's misrepresentations about FMLA.  Id. at *5.

This Court agrees with the reasoning articulated in Wilson and finds here that Plaintiff has presented disputed issues of fact regarding her reliance on Defendants' representations.  Contrary to Defendants' continued argument that Plaintiff did not detrimentally rely on Defendants' misrepresentation about her entitlement to leave, this issue clearly remains disputed.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. United States Magistrate Judge Thomas M. Blewitt's August 7, 2013 Report and Recommendation is ADOPTED IN PART and MODIFIED as discussed above.  ECF No. 21.

2. Defendant's Motion for Summary Judgment is DENIED.

3. This case is remanded to Magistrate Judge Thomas M. Blewitt for further proceedings.

BY THE COURT:

  s/ Matthew W. Brann
Matthew W. Brann
United States District Judge